■ SALVATORE GRECO et al., Appellants, v. MARVIN THOMPSON et al., Defendants, and ANTOINETTE GEISLER, Respondent.— Order unanimously reversed, with costs and motion denied. Memorandum: It is not clear from the deposition of the plaintiff Theresa Greco and the affidavit of Antoinette Geisler just how this accident occurred, which of the two drivers was at fault or whether they were both negligent. The issue of negligence should be tried in the normal manner upon oral testimony. While we do not hold that the motor vehicle report of Marvin Thompson is of any evidentiary value, at least it gives notice that had Thompson and Kreger Truck Renting Company been made parties to this motion there would have been a dispute as to who was at fault. Undoubtedly an affidavit of Thompson would have accused Antoinette Geisler of being wholly or partially to blame. While we do not necessarily reach the question, we observe that it would be better practice, if it is not actually necessary, to join all parties who have an interest in the outcome, in a motion of this type. (Appeal from order of Erie Special Term granting motion of defendant, Geisler, for summary judgment dismissing the complaint as to her.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ RICHARD F. AHLEIM et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40347.) — Case held, decision reserved, and matter remitted to the Trial Judge for further proceedings in accordance with the memorandum. Upon the making of such finding the case is directed to be restored to the calendar of this court. Memorandum: Separate findings should be made as to the amount awarded for the direct taking and the amount allowed as consequential damages. (See *Wineburgh* v. *State of New York*, 20 A D 2d 961.) (Appeal from judgment of Court of Claims for claimants in an action for damages for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.